# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ERNEST ANTOINE GUERTIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>　　　　　　　Defendants. | Case No.:  22-CV-433 DMS JLB<br><br>**ORDER GRANTING MOTION FOR REMAND** |

This matter is before the Court on Defendants' United States Citizenship And Immigration Services ("USCIS"); Madeline Kristoff, in her Official Capacity as San Diego Field Office Director, USCIS; Alanna Ow, in her Official Capacity as District 44 Director, USCIS; Ur Jaddou, in her Official Capacity as Director of USCIS; and Alejandro Mayorkas, in his Official Capacity as the U.S. Secretary of Homeland Security (collectively, "Defendants") Motion to Remand ("Motion"), filed on July 6, 2022. Defendants request that the Court remand the matter to USCIS.  Plaintiff Joseph Ernest Antoine Guertin filed an opposition on July 28, 2022, and Defendants filed a reply on August 5, 2022.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 12, 2022.  *See* Fed. R. Civ. P. 78(b).  For the reasons

stated below, the Court **GRANTS** Defendants' Motion.

# I.
# BACKGROUND

On April 1, 2022, Plaintiff filed a complaint ("Complaint") against Defendants in the United States District Court for the Southern District of California. (ECF No. 1.) Plaintiff's Complaint alleges that Defendants violated 8 USC § 1447(b) by failing to make a decision on his properly filed N-400 application for naturalization within 120 days of his naturalization interview.

Plaintiff is a citizen of Canada and has been a permanent resident of the United States since November 9, 2015. (ECF No. 1 at 6.) Plaintiff applied for naturalization with USCIS on August 20, 2020. (*Id.*) Plaintiff appeared for his naturalization interview on July 29, 2021. (*Id.* at 7.) At that time, he passed the English and U.S history requirements for naturalization. (ECF No 1. at 7; ECF No. 1, Ex. 5.) USCIS was required to render a decision within 120 days of his interview date—November 26, 2021.

Plaintiff's application was not adjudicated within the required period. When Plaintiff contacted USCIS and requested an update on his application, he learned that his application was undergoing "administrative processing" and "Supervisory Review." (ECF No. 1, Ex. 6.) As a result, Plaintiff filed the present Complaint, requesting the Court's *de novo* review of his eligibility for naturalization and a declaration that he is entitled to be naturalized. (*Id.* at 13.)

# II.
# DISCUSSION

Plaintiff claims Defendants "failed and refused" to issue a decision on his naturalization application and that Defendants' inaction "represents a denial" of Plaintiff's application. (*Id.* at 11-12.) Plaintiff states he has exhausted his administrative remedies. (*Id.*) Defendants acknowledge that Plaintiff's application was not adjudicated within 120 days of his examination, but requests that the Court remand the matter to USCIS for adjudication. (ECF No. 7 at 2-5.) Defendants argue that USCIS is in a better position to

adjudicate a naturalization application and assure the Court that USCIS is prepared to adjudicate the application within 30 days of remand. (ECF No. 7 at 5.)

Plaintiff opposes Defendants' Motion and requests that the Court order Defendants to show cause why the Court should not naturalize him. (ECF No 9 at 2.) Plaintiff argues that Defendants' "failure to disclose" the reason for the delay in adjudication of his application and "unwillingness to indicate if his application would be approved upon remand" are an indication that USCIS is preparing to deny his application and "forc[e]" him to undergo the subsequent appeals process. (ECF No. 9 at 8-9.) However, the Court is not persuaded.

### A. Legal Standard

"A lawful permanent resident alien is eligible for naturalization as a United States citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of the application to the time of admission as a citizen; and (3) is of good moral character." *Penalosa v. U.S. Citizenship & Immigration Services.*, No. 07CV0808 JM(AJB), 2007 WL 2462118, at *1 (S.D. Cal. Aug. 28, 2007) (citing 8 U.S.C. § 1427(a).) USCIS conducts a background investigation of the applicant to ensure the three requirements are met.

Additionally, the applicant undergoes an interview with a USCIS examiner. "A person seeking naturalization must file an application with the USCIS. A USCIS employee is designated to conduct examinations upon applications for naturalization . . . After such an examination, the USCIS employee must make a determination as to whether the application should be granted or denied, with reasons therefor. If the application for naturalization is denied following the USCIS employee's examination under § 1446, the applicant may request a hearing before an immigration officer." *Yith v. Nielsen*, 881 F.3d 1155, 1159 (9th Cir. 2018) (citing 8 U.S.C. §§ 1446(b), 1446(d), 1447(a)) (internal quotations omitted.)

"When the USCIS has undertaken an examination of a person who has submitted a naturalization application, and then does not make a determination on the application

within 120 days, it has failed to make a determination regardless [of] whether it decides to commence removal proceedings and thereby prevent itself from making the determination." *Yith*, 881 F.3d at 1164 (9th Cir. 2018.)  Then, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  The district court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter." *Yith*, 881 F.3d at 1159 (citing 8 U.S.C. §§ 1447(b), 1421(c)) (internal quotations omitted.)

### B. Analysis

Plaintiff filed the Complaint because 120 days elapsed from the completion of his naturalization interview.  As a result, the Court presently has exclusive jurisdiction over the matter and may either determine or remand the matter.  Having considered the parties' arguments, the Court agrees with Defendants that remanding the matter is ideal.  Multiple courts in the Ninth Circuit have determined that USCIS is in a better position than the Court to decide an application for immigration, considering USCIS's expertise in the area. *See Koltsov v. Martin*, No. ED CV18-00535 SJO, 2018 WL 6074575, at *3 (C.D. Cal. July 16, 2018) (citations omitted).  Furthermore, USCIS assures that it is prepared to adjudicate Plaintiff's N-400 application within 30 days of the Court's remand.  (ECF No. 7 at 5.) USCIS committed an inappropriate delay in adjudication of Petitioner's naturalization application but has now assured that it will make a decision promptly.  This assurance further warrants remand to the agency best suited to adjudicate the matter.

Plaintiff requests that the Court retain jurisdiction over his application and order Defendants to show cause why the Court should not naturalize him.  Plaintiff argues that "it can only be presumed" that USCIS is preparing to deny his application and "further delay his ability to become a citizen" based on its "unwillingness to indicate if his application would be approved upon remand during discussions with [Defendants'] counsel."  (ECF No. 9 at 8-9.)  Defendants argue that Plaintiff's application will be adjudicated on the merits and claims "a determination has yet to be made on Plaintiff's

application." (ECF No. 10 at 6-7.) Defendants also point out that no statute or case "require[s] this Court to receive assurances from USCIS regarding the results of adjudication" before remand. The Court agrees with Defendants.

USCIS has not indicated in any submissions to the Court that it plans to deny Plaintiff's application. The Court expects Plaintiff's application to receive evaluation and adjudication on the merits and in adherence to 8 U.S.C. § 1427. The requirements Plaintiff must meet to be naturalized do not change based on whether the entity making the decision is the Court or USCIS. Should Plaintiff's application be denied, he then has an opportunity to appeal the decision and request the Court's judicial review under 8 U.S.C. § 1421(c), as Plaintiff himself points out. (ECF No. 9 at 8-9.) The inability to preemptively determine whether USCIS would render a favorable decision is not a compelling reason to insist on the Court's jurisdiction. *See Rashid v. Department of Homeland Security*, No. 2:14-CV-2109-JAM-KJN, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) (a plaintiff's suspicion that his application has been subject to additional scrutiny . . . do[es] not warrant retention," especially when USCIS has assured prompt adjudication upon remand).

If Plaintiff's application is denied upon remand, the fact that the appeals process would take additional time similarly does not persuade the Court to retain jurisdiction. The Court's adjudication would also take considerable time. The Supreme Court has made clear that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," noting that this principle "has obvious importance in the immigration context." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16-17, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002). The Court is not in the business of regularly reviewing and evaluating naturalization applications because this role and expertise generally fall within the purview of USCIS. Specifically, the Court does not regularly conduct extensive background checks and is consequently not in the best position to assess Plaintiff's moral character. USCIS is in a better position to oversee such an investigation, as well as to compile an administrative record and consistently apply the immigration laws. *See Penalosa v. U.S. Citizenship & Immigration Services*, No.

07CV0808 JM(AJB), 2007 WL 2462118, at *2 (S.D. Cal. Aug. 28, 2007) (citing *I.N.S. v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)).

The Court also rejects Plaintiff's argument that "[c]ourts have previously decided naturalization applications under § 1447(b) when security checks are no longer pending, and generally choose to remand to USCIS only when security checks have not been completed." (ECF No. 9 at 9.)  First, the Court is not prepared to "presume" that security checks are complete in Plaintiff's case. (*Id.*)  Second, the Court agrees with Defendants that courts overwhelmingly exercise the option to remand, not limited to when security checks are no longer pending.  Rather, courts generally decide motions for remand by considering the length of time a petitioner's case had been pending and the alacrity with which USCIS would adjudicate the matter upon remand.  *See Rashid v. Department of Homeland Security*, No. 2:14-CV-2109-JAM-KJN, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) ("In the few cases where a district court opted to adjudicate the matter itself, the application had been pending for a lengthy period and the defendants failed to assure the court that a swift decision could be made on remand.")

In the limited instances in which the length of delay was considerable and USCIS did not provide sufficient assurances of prompt adjudication on remand, certain courts have adjudicated the matter themselves.  *See*, *e.g.*, *Taalebinezhaad v. Chertoff*, 581 F. Supp. 2d 243, 246 (D. Mass. 2008) (petitioner's naturalization application had been pending for nearly three years and the Court denied the government's motion to remand because the Court was "unconvinced" that the application "would necessarily be handled with alacrity" upon remand); *see also Lifshaz v. Gonzales*, No. C06-1470MJP, 2007 WL 1169169, at *2 (W.D. Wash. Apr. 19, 2007) (petitioner's naturalization application had been pending for over three years and the Court denied the government's motion to remand because it was "disturbed by the possibility that a determination on [petitioner's] naturalization application w[ould] be endlessly delayed").  Plaintiff filed his Complaint approximately eight months after his naturalization interview.  Albeit improper, the length of delay between Plaintiff's naturalization interview and his Complaint is substantially shorter than

the delays in the cases to which Plaintiff cites. USCIS committed an inappropriate delay but has now specified a short timeframe within which it will make a decision upon remand. Considering USCIS's ability to promptly and justly adjudicate Plaintiff's application, the Court concludes there is a strong argument for remand.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion for Remand is **GRANTED**. The Court remands this action to USCIS for adjudication of Plaintiff's application for naturalization. USCIS is instructed to adjudicate Plaintiff's N-400 application within 30 days of this Order.

**IT IS SO ORDERED**.

Dated: August 31, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court